**FOURTH DIVISION**
**DILLARD, P. J.,**
**MCFADDEN, P. J., and BROWN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 17, 2024**

# In the Court of Appeals of Georgia

A24A1069. CROOKSHANKS v. CROOKSHANKS.

MCFADDEN, Presiding Judge.

Christopher Crookshanks ("the father") appeals the final order in his action against Kelly Crookshanks ("the mother") for the modification of custody of their three children and for the modification of child support. He argues, among other things, that the trial court erred by failing to issue findings of fact, although he had made a timely request for them. We agree. So we vacate the judgment and remand the case for further proceedings consistent with this opinion.

1. *Background*

The record shows that the father and the mother divorced in January 2021. The parties were granted joint legal custody of their three children; the mother was granted

primary physical custody; and the father was ordered to pay $2,000 per month in child support.

In July 2021, the father filed a petition for a reduction in the amount of child support he had been ordered to pay. He later amended the petition to also seek a change in custody, eventually seeking primary physical custody of only the youngest child. He further sought to hold the mother in contempt for violating the parties' parenting plan.

The mother answered the petition and amended petition. She also filed a motion seeking to hold the father in contempt for failing to pay his share of childcare expenses.

On the first day of the two-day final hearing, the father filed a request for findings of fact and conclusions of law under OCGA § 19-9-3, which concerns custody, and § 9-11-52, which concerns non-jury trials. The trial court entered a final order that did not include findings of fact and conclusions of law. The father filed this appeal.

2. *Analysis*

Among many other arguments, the father argues that the trial court erred by failing to make findings of fact. We agree.

OCGA § 19-9-3 (a) (8) provides:

> If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge as set forth in paragraph (3) of this subsection. Such order shall set forth in detail why the court awarded custody in the manner set forth in the order. . . .

Further, OCGA § 9-11-52 (a) provides: "[I]n all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law."

"Here, because the record clearly reflects that the father requested the trial court make findings of fact and conclusions of law [under OCGA § 19-9-3 (a) on or before the close of evidence], he was entitled to them." *Selvage v. Franklin*, 350 Ga. App. 353, 356 (1) (829 SE2d 402) (2019). See also *Sadler*, 338 Ga. App. at 550 (request for findings of fact and conclusions of law under OCGA § 9-11-52 made prior to the trial court's ruling is timely). So "we vacate the trial court's judgment . . . and remand

3

the case with direction that the trial court make findings of fact and conclusions of law." *Sadler*, 338 Ga. App. at 551 (1). We do not reach the father's other arguments. See id. at 552 (2).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Brown, J., concur.*

4